Ronnie GWIN, Plaintiff,

v.

Tim CURRY, individually, etc.,
et al., Defendants.

No. 95 C 1438.

United States District Court,
N.D. Illinois,
Eastern Division.

May 12, 1995.

---

John P. De Rose, for plaintiff.

Stanley L. Hill & Associates, for defendants.

### MEMORANDUM OPINION
### AND ORDER

SHADUR, Senior District Judge.

Village of Maywood (erroneously sued as "City of Maywood") and its police officer Tim Curry ("Curry") have moved for leave to file instanter their responsive pleading that was due to be filed by May 3, 1995, but as to which their counsel had inadvertently failed to note the due date. That motion is of course granted as to the Answer portion of the proposed responsive pleading, but this Court sua sponte strikes the purported Affirmative Defenses ("ADs") due to defendants' failure to comply with fundamental pleading principles.

■ Fed.R.Civ.P. ("Rule") 8(c) sets out a nonexclusive 19–item laundry list of ADs, concluding that list with the phrase "and any other matter constituting an avoidance or affirmative defense." As both the defenses included in the list and the last-quoted phrase suggest, the AD concept in federal pleading essentially codifies the common law plea in confession and avoidance: Each defendant either expressly or impliedly treats the factual allegations in a complaint as true, but then goes on to assert new matter that eliminates or limits the defendant's ordinary liability stemming from those allegations (see *Black's Law Dictionary* 297 (6th ed. 1990) and this Court's opinion in *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736–37 (N.D.Ill.1982)).

■ There is one important distinction between the common law plea and a Rule 8(c) AD: At common law a defendant could not deny a complaint's allegations in one part of a responsive pleading and simultaneously admit them arguendo by a plea in confession and avoidance in another part of that same pleading (5 Charles Wright & Arthur Miller, *Federal Practice and Procedure: Civil 2d* ("Wright & Miller") § 1270, at 411 (2d ed. 1990)). But although Rule 8(e) now permits such conceptually inconsistent pleading, and although the Rule 8(c) enumeration has now supplanted the common law concept by in-

cluding some items that did not technically qualify as common law pleas in confession and avoidance (*id.* at 413), the basic notion that an AD should accept rather than contradict the well-pleaded allegations of the complaint remains valid.[1]

Neither of the two proposed ADs in this case qualifies in those terms. In each instance defendants dispute allegations in the Complaint—allegations that they have already put into issue by their denials in the Answer (which suffice in pleading terms to encompass anything that flows from the denials[2]):

> 1. AD 1 seeks to assert qualified immunity for Curry because "a reasonable police officer in the position of the Defendant reasonably could have believed that his conduct was within the constitutional limits that were clearly established at the time." But that assertion does *not* treat the allegations by plaintiff Ronnie Gwin ("Gwin") as true—it is totally at odds with Complaint ¶¶ 10–11, 13–14, 17–18 and 22, which charge Curry (a) with the unprovoked twisting of Gwin's arm (even though Gwin had already complied with Curry's earlier order), (b) with having gratuitously kicked Gwin and then struck him in the jaw with Curry's flashlight (breaking his jaw), (c) with having falsely claimed to have discovered cannabis in Gwin's home and (d) with having falsely arrested and maliciously prosecuted Gwin.

> 2. AD 2 asserts immunity from Gwin's state law claims under 745 ILCS 10/2–202, asserting that the "complained of actions of the Defendant were not wilful or wanton." But that is expressly (and impermissibly for AD purposes) contravened by Complaint ¶ 26, which alleges:

>> TIM CURRY'S action were willful and malicious and showed a wanton disregard for the rights of the Plaintiff.

Accordingly leave is granted to file defendants' Answer, but ADs 1 and 2 are stricken.

There will however be no need for a new pleading to be tendered omitting the stricken ADs.

---

1. At the same time, this Court of course recognizes the problem of potential waiver that may be faced by a litigant who fails to plead a proper AD (Wright & Miller § 1278). But where as here any matter is so plainly put into issue by being embraced within the existing pleadings (*id.* § 1271, at 447), the responsive pleader is not justified in inserting a putative AD out of some super abundance of caution.

2. Of course if a defendant wishes to raise any legal issue via motion, the Rules establish specific procedures for that purpose.